CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 3 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| R.J. KEYSTONE,<br>    Petitioner, | Civil Action No. 7:05cv00366 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON,<br>    Respondent. | By: James C. Turk<br>Senior U.S. District Judge |

Petitioner R.J. Keystone, a Virginia inmate, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Keystone alleges that his custody classification is adversely affected by the way the Virginia Department of Corrections ("VDOC") calculates his sentence as one continuous term rather than as an individual sentences. The respondent filed a motion to dismiss contending that Keystone's petition is without merit. The court notified Keystone of the respondent's response and motion to dismiss, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment may be granted for the respondent if he did not respond to the motion. As the time allowed for filing such a response has elapsed, the underlying petition and the motion to dismiss are now ripe for consideration.

Keystone raised his current claims in a petition to the Supreme Court of Virginia. That court found that his claims were without merit and dismissed the petition as frivolous. After a through review of the record, the court finds that Keystone's petition is without merit and will grant respondent's motion to dismiss.

Keystone claims that in determining his custody classification the VDOC is improperly considering his sentences as one cumulative term rather than as individual sentences, which are

completed when the individual term associated with that conviction is completed.[1] Specifically, he claims that this causes his most serious offense, attempted rape, to continue to be considered as a basis for his current custody classification, even after the sentence term imposed for that conviction was effectively "served."

To the extent that Keystone is attempting to challenge the judgment of the Supreme Court of Virginia on this issue, his claim must fail. Since Keystone filed his petition for a federal writ of habeas corpus after the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted on April 24, 1996, the amendments to 28 U.S.C. § 2254 effected by section 104 of the AEDPA apply. See Mueller v. Angelone, 181 F.3d 557, 565-69 (4th Cir.), cert. denied, 527 U.S. 1065 (1999); Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under the applicable law of the AEDPA, a federal court may only grant habeas relief with respect to a claim that the state court adjudicated on its merits if the state's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2). Courts consider a state court adjudication "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). If a state court identifies the governing legal principle, but "unreasonably applies that principle to the facts of the prisoner's

---

[1] Keystone is currently serving a cumulative sentence of sixteen years on separate convictions of attempted rape and two convictions for sending a threatening letter.

2

case," the federal habeas court must consider the decision an unreasonable application of clearly established federal law. Id. at 413. Where a federal habeas court determines that the state court applied federal law incorrectly, it may not grant relief unless it also finds that the incorrect application is unreasonable. Id. at 411.

Keystone does not challenge the imposition of the cumulative sixteen year sentence for his separate convictions, rather he asserts that his due process rights have been violated in that the VDOC continues to treat his sentences, for custody classification purposes, as an aggregate rather than individually, thus resulting in him continuing to be assigned a higher security classification and reduced good time earning capacity. However, the Constitution does not vest in an inmate a liberty interest in retaining or receiving a certain custody or classification status. Slezak v. Evattt, 21 F.3d 590, 594 (4 th Cir. 1994), cert. denied, 513 U.S. 889 (1994). "[T]he security and custody classification of state prison inmates is a matter for state prison-official discretion whose exercise is not subject to federal procedural due process constraints." Id. Accordingly, Keystone's complaints regarding the manner in which his custody classification and good time earning capacity are determined are not subject to review by this court. As such, the court finds that there are no grounds for this court to disturb the judgment of the Supreme Court of Virginia and grants respondent's motion to dismiss.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a

constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent, if known.

ENTER: This 23rd day of January, 2006.

/s/ James C. Turk
Senior United States District Judge

4